238/171

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, Individually and as the Legal guardian of JOHN DOE, a minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.:   1:19-cv-3052 |
| TOWNSHIP HIGH SCHOOL DISTRICT 214, | ) ) | Honorable Robert M. Dow, Jr. |
| Defendant. | ) ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND 12(f) MOTION TO STRIKE PLAINTIFF JANE DOE'S FICTITIOUS NAME

The Defendant, Township High School District 214 ("District 214"), has filed its combined Rule 12(b)(6) Motion to Dismiss the Complaint of  Plaintiffs JANE DOE and JOHN DOE, and Rule 12(f) Motion to Strike Plaintiff Jane Doe's fictitious name and in support of said Motion, District 214 present's the following memorandum for this Court's consideration.

## INTRODUCTION

Plaintiffs claim that John Doe received disparate treatment due to his disability, autism, creating a hostile environment which prohibited John Doe from receiving a free and appropriate education. [DKT No. 1, paras. 7 -23.] Plaintiffs claim that because of the alleged disparate treatment, John Doe suffered severe emotional distress. Plaintiffs also claim that Jane Doe, John Doe's mother and guardian, was affected because of the repeated calls regarding John Doe's disciplinary problems caused her tremendous stress, frustration and mental anguish. [DKT No. 1, paras. 7 -23.]

Plaintiffs bring their claims under the Rehabilitation Act of 1973 (hereinafter "RA"), however they have not exhausted their administrative remedies as required under the Act. Thus, their RA claims are unripe and this Court should dismiss Plaintiff's Complaint. Moreover, Jane Doe, a non-disabled person, has made a claim that is not appropriate under the RA because she, in essence, pleads a common law tort claim masquerading as a federal RA claim. Because Plaintiffs' federal claims fail their state law IIED claim also fails. Moreover, as Jane Doe has not presented any exceptional circumstances to proceed anonymously, nor has she made any request of this Court to do so, this Court should strike her anonymous moniker.

## **PREFATORY STATEMENT**

In determining a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts in the complaint and must draw all reasonable inferences therefrom in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). However, a plaintiff does not necessarily state a claim simply "by attaching a bare conclusion to the facts he narrates." *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998). In construing a motion to dismiss, the court is not required to accept assertions of law or unwarranted factual inferences. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005).

A civil rights complaint, under 42 USC §1983, must outline a violation of the constitution or a federal statute and must connect the violation to the named defendants. *Caldwell v. City of Elwood, Indiana*, 959 F.2d 670, 672 (7th Cir. 1992), quoting *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992). There must be sufficient facts pled "to allow the court and the defendants to understand the gravamen of the plaintiff's complaint." *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996); *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 627 (7th Cir. 1999).

The Supreme Court, in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007), held that Rule 8(a)(2) requires "factual allegations" showing "the grounds" for relief and "requires more than labels and conclusions, and formulaic recitations of the elements of a cause of action . . .". It is submitted that the Supreme Court's interpretation of Federal Rule of Civil Procedure 8 requires that some "threshold of plausibility must be crossed at the outset," (*Id.*, 550 U.S. at 558, 127 S.Ct. at 1966, quoting *Sahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F.Supp 2d 986, 995 (N.D.Ill. 2003) (Posner, J., Sitting by Designation), in order to weed out unmeritorious claims at an early stage, so as to avoid unnecessary and costly time, expense and attorney's fees incurred in defending against unmeritorious complaints. *Bell Atlantic v. Twombly*, *supra*, 550 U.S. at 558-59, 127 S.Ct. at 1966-67 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management', (citation omitted), given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side").

Viewing a complaint under this facial plausibility test requires that the plaintiff plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556, U.S. 662, 129 S.Ct. 1937, 1949 (2009). Only a complaint that states a plausible claim for relief can survive a motion to dismiss. *Id.*

## ARGUMENT

### I.  PLAINTIFFS' HAVE NOT EXHAUSTED THEIR ADMINISTRATIVE REMEDIES RENDERING THEIR RA CLAIM UNRIPE.

Plaintiffs have filed their claims under Section 504 of the Rehabilitation Act of 1973 as amended 29 U.S.C. §794.  To state a claim under the RA a plaintiff must allege (1) that he is a

qualified person; (2) with a disability; and (3) he was denied access to a program or activity because of his disability. *McIntyre v. Lashbrook*, 2018 BL 385577 (S.D. Ill. October 18, 2018) citing 28 U.S.C §705(s)(B), *Jaros v. Illinois Dep't of Corr.* 684 F.3d 667, 672 (7th Cir. 2012); *Wis. Cmty. Serv. V. City of Milwaukee*, 465 F.3d 737, 746 (7th Cir. 2006); *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2001); *Grzan v. Charter Hops. Of Nw Ind.,* 104 F.3d 116, 119 (7th Cir. 1997). The RA has been found to contain an implied duty to accommodate. *Jaros*, 684 F.3d at 672.

A student and his representative bringing a 504 claim seeking relief for a denial of a free and appropriate public education (hereinafter "FAPE") generally must exhaust administrative remedies under the IDEA, namely by pursuing Level I and II remedies. *Bd. Of Education v. Wolinsky*, 842 F.Supp. 1080, 1085 (N.D. Ill. 1993) *citing Carey v. Maine Sch. Admin. Dist. No. 17*, 754 F.Supp. 906, 923 (D.Me.1990) (the exhaustion requirements under the IDEA apply to all claims under 504 seeking to enforce rights guaranteed by the IDEA). *See also*, *J.P. v. Williamson Cty Educ. Servs.* 2017 BL 219878 (S.D. Ill. June 21, 2017) *citing Fry v. Napoleon Community Schools*, 137 S.Ct. 743, 752 (2017). The exhaustion requirement is in effect a stay of an action by statutory prohibition, making applicable the tolling provision of 735 ILCS 5/13-216. *Id.*

In *Fry*, the Supreme Court held that the test for determining whether exhaustion of the IDEA's administrative process is required hinges on whether the lawsuit seeks FAPE. *J.P. v. Williamson Cty Educ. Servs.* 2017 BL 219878 (S.D. Ill. June 21, 2017) citing *Fry*, 137 S.Ct. at 754. The *Fry* court stated:

> That inquiry makes central the plaintiff's own claims, as §
> 1415(l) explicitly requires. The statutory language asks whether a
> lawsuit in fact "seeks" relief available under the IDEA — not, as a
> stricter exhaustion statute might, whether the suit "could have
> sought" relief available under the IDEA (or, what is much the same,
> whether any remedies 'are' available under that law)...[The

4

> plaintiff] is the "master of the claim"... she identifies its remedial
> basis — and is subject to exhaustion or not based on that choice.

*Fry*, 137 S.Ct. at 754. The question is whether the gravamen of the complaint seeks redress for a school's failure to provide a FAPE. *Id*. If so, then exhaustion of administrative remedies is required. *Id.*

In order to determine whether a plaintiff seeks relief for the denial of a FAPE, the *Fry* court anticipated asking two questions. *Fry*, 137 S.Ct. at 755. First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school? *Id.* Second, could an *adult* at the school have raised essentially the same grievance? *Id.* If the answer to those questions is "yes," a complaint is unlikely to truly be about a FAPE, and exhaustion is not required. *Id.* However, if the answer is "no," then the complaint probably does concern a FAPE, regardless of whether it is expressed under that theory. *Id.*

Here, Plaintiffs plead no facts that establish that they have gone through any administrative review process before filing their complaint. Moreover, it is apparent from the facts pled that Plaintiffs should be required to go through the administrative review process prior to proceeding on their claim in federal court. Plaintiffs plead in Paragraph 20 of their Complaint that "because of the numerous times John Doe was called into Dean Schrammel's office and forced to miss class time, JOHN DOE fell behind in most of his classes." Additionally, Paragraph 23 of their complaint states in pertinent part:

> Notwithstanding District 214's obligations under the Rehabilitation Act, the Defendant engaged in a practice of targeting students with disabilities, such as JOHN DOE, for harassment, unwanted negative attention and discipline. **District 214 failed to provide JOHN DOE, a person with disabilities, the same access, use and enjoyment of education as other students because of JOHN DOE's disabilities.** (emphasis added.)

5

When analyzing the two questions posed by the *Fry* Court (i.e. (1) could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school? and (2) could an *adult* at the school have raised essentially the same grievance?) in concert with the allegations above, the answer to the *Fry* Court's questions in this matter would be "no". Thus, Plaintiffs are required to exhaust their administrative remedies before proceeding on their claims under the RA in federal court. As such Counts I and III of Plaintiff's Complaint should be dismissed.

## II. JANE DOE DOES NOT BRING A VIABLE CLAIM UNDER THE RA.

Even if this Court determines that John Doe has brought a viable claim under the RA, Jane Doe's claim under the RA fails. Jane Doe brings her claims under the RA alleging "tremendous stress, frustration and mental anguish." [DKT. No. 1, paras. 26 & 27.] Jane Doe claims that she has rightfully brought these claims under the RA because the "Remedies and Attorneys' Fees" provision of the RA (§505 as amended §794(a)) states that remedies under the RA "shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or federal provider of such assistance." [DKT No. 1, para 24.]

Although "non-disabled" persons have succeeding in bringing claims under the RA in other circuits, such a determination has not yet been made by the Seventh Circuit. *See Innovative Health Systems, Inc, et al. v. City of White Plains*, et al. 117 F.3d 37 (2nd Cir. 1997); *Payson v. Bd of Ed. of Mt. Pleasant Cottage School*, et al. 2017 BL 333749 (S.D.N.Y. Sept. 20, 2017); *MX Group, Inc., v. City of Covington*, 293 F.3d 326 (6th Cir. 2002). Moreover, even if the court determines it will follow the reasoning from these circuits, the facts of this matter are distinguishable. In *Innovative Health* and *MX Group, Inc*. (supra), the plaintiffs alleged they were denied zoning permits due to their association with disabled persons. In *Payson* (supra),

6

the special education teachers claimed that they were retaliated against due to their association with disabled persons.

Here, unlike the Defendants in the above cases, Jane Doe pleads no statutory or constitutional infraction. Instead, Jane Doe is attempting to bring a common law tort claim masqueraded as a federal statutory RA violation by claiming John Doe's "depression, anxiety and isolation" at the hands of District 214 caused her "tremendous stress, frustration and mental anguish." [DKT No. 1, paras 26 & 27.] Such use of the RA is abusive, overreaching and outside the stated purpose of the RA[1]. Thus, Jane Doe has not properly brought a claim under the RA and Count III of Plaintiffs' Complaint should be dismissed with prejudice.

### III.   AS PLAINTIFFS HAVE FAILED TO PLEAD FEDERAL CLAIMS AGAINST DISTRICT 214 THE PENDANT STATE LAW CLAIMS SHOULD BE DISMISSED.

The remaining claim in Plaintiffs' complaint is a state law claim for intentional infliction of emotional distress. As Plaintiffs have failed to plead any cognizable federal claims against District 214, this Court has discretion to exercise jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). Because the remaining claim is a pendant state law claim, this Court should dismiss Count II of Plaintiff's complaint.

### IV.   PLAINTIFF JANE DOE HAS PRESENTED HER CLAIM AGAINST THE DEFENDANT ANONYMOUSLY WITHOUT FIRST ESTABLISHING EXCEPTIONAL CIRCUMSTANCES WHICH REQUIRE HER TO USE A FICTITIOUS NAME.

The Seventh Circuit has repeatedly voiced its disfavor of parties proceeding anonymously. *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016). Anonymous litigation runs

---

1 No otherwise qualified individual with a disability in the United States, as defined in section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C. §794(a).

contrary to the rights of the public to have open judicial proceedings and to know who is using the court facilities and procedures funded by public taxes. *Doe v. Village of Deerfield*, 819 F.3d at 377; *Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004). Although there are some situations where a litigant's use of a fictitious name is warranted such as when the matter involves children, rape victims or other particularly vulnerable parties, generally, in order to use a fictitious name, a party must demonstrate "exceptional circumstances" that outweigh both the public policy in favor of identification of parties and the prejudice to the opposing party that would result from anonymity. *Doe v. Village of Deerfield*, 819 F.3d at 377; *Doe v. City of Chicago,* 360 F.3d at 669; *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3 869, 872 (7th Cir. 1997).

Here, Plaintiff Jane Doe, without leave of Court, simply filed her complaint under the fictitious name of "Jane Doe". Plaintiff Jane Doe is not a minor. Plaintiff Jane Doe is not a rape victim. Plaintiff Jane Doe has not established she is a particularly vulnerable party. Simply, Plaintiff Jane Doe has not demonstrated any "exceptional circumstance" as to why she should be allowed to litigate this matter anonymously. As such, this Court should strike Plaintiff Jane Doe's fictitious name pursuant to Rule 12(f) and require her to plead and litigate this matter under her given name, not anonymously.

WHEREFORE, Defendant, TOWNSHIP HIGH SCHOOL DISTRICT 214, respectfully prays that this Court grant its Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and grant their Motion to Strike Plaintiff Jane Doe's fictitious name pursuant to Federal Rule of Civil Procedure 12(f).

Respectfully Submitted,

TOWNSHIP HIGH SCHOOL DISTRICT 214

By: s/ Deborah A. Ostvig
        One of Their Attorneys

8

Michael E. Kujawa, ARDC #6244621
Deborah A. Ostvig, ARDC #6287031
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5300
Chicago, Illinois   60602
Phone:   (312) 345-5700
Fax:   (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com

K:\171 - Jane Doe v. Dist. 214\Pleadings\Def's Memo ISO 12(b)(6) MTD and 12(f) To Strike Fictitious Name - 06-20-2019.docx